UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS JACKSON, | ) | |
| Movant, | ) | |
| vs. | ) | No. 4:05-CV-212 (CEJ) |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Thomas Jackson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.

On January 14, 2004, an indictment was filed charging Thomas Jackson with one count of knowingly and intentionally possessing more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On March 29, 2004, Jackson entered a plea of guilty. Jackson appeared for a sentencing hearing on June 18, 2004. The range of punishment under the United States Sentencing Guidelines was 188 to 235 months, based upon an offense level of 31 and a criminal history category of VI. The Court sentenced Jackson to a 216-month term of imprisonment, followed by a four-year term of supervised release. Jackson did not appeal his conviction and sentence to the Court of Appeals for the Eighth Circuit. Jackson timely filed the instant § 2255 motion on February 3, 2005.

**II. Discussion**

As grounds for relief, Jackson asserts that: (1) his sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005); and (2) he

received ineffective assistance of counsel in that (a) counsel failed to object to his career offender status; (b) counsel failed to object to an offense level in excess of what was contained in his plea agreement; and (c) counsel failed to file a notice of appeal.

### A. *Blakely* and *Booker* Claim

Jackson asserts that in determining his sentence the Court impermissibly relied upon aggravating factors not charged in the indictment or found by a jury. The rules announced in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), do not apply on collateral review. United States v. Hernandez, 436 F.3d 851, 855 (8th Cir. 2006); Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). Jackson's claim based on Blakely and Booker fails.

### B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to show prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In the context of a guilty plea, the movant must demonstrate that but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Counsel

-2-

may afford ineffective assistance by failing to object at sentencing. <u>Auman v. United States</u>, 67 F.3d 157, 162 (8th Cir. 1995).

Jackson initially asserts that counsel rendered ineffective assistance when she failed to object to his career offender status. Under the sentencing guidelines, a defendant is a career offender if (1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  U.S.S.G. § 4B1.1(a) (2003).  Jackson was thirty years old at the time of the offense and he pleaded guilty to a controlled substance offense, thereby satisfying the first two elements of the career-offender guideline.  According to the presentence report, Jackson had three prior convictions for controlled substance offenses -- possession of cocaine; distribution of cocaine base (crack) to an undercover police officer; and possession of a controlled substance. He also had a conviction for second-degree robbery, which qualifies as a crime of violence.  U.S.S.G. § 4B1.2, cmt n.1 ("'Crime of violence includes . . . robbery.'"); <u>United States v. Johnson</u>, 411 F.3d 928, 931-32 (8th Cir. 2005).  Jackson clearly met the standards for career-offender status and counsel's failure to make a meritless objection does not constitute deficient performance.  Jackson's request for relief on this claim is denied.

Jackson's second allegation of counsel error is related to his career-offender status and is similarly without merit: he argues that because he stipulated to a base offense level of 26 in his plea

agreement, counsel was ineffective for failing to object when the base offense level was increased to 31. However, the plea agreement also specified that Jackson's sentence would be determined under the career offender guidelines in the event that he qualified. As noted above, Jackson is a career offender and his base offense level was accordingly increased. He cannot establish that counsel was ineffective for failing to object to a sentencing consequence that he agreed to in writing.

In his final claim, Jackson asserts that counsel was ineffective for failing to file a notice of appeal after he instructed her to do so. The government contends that this claim is foreclosed by a provision in the plea agreement in which both Jackson and the government waived the right to appeal all nonjurisdictional issues except certain departures at sentencing.

"Where an attorney disregards specific instructions from a defendant to file a notice of appeal, he 'acts in a manner that is professionally unreasonable.'" Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007), quoting Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). In such a case, prejudice is presumed because the defendant has forfeited his right to appeal as a result of his counsel's error. Id. at 964. The court does not inquire into whether the intended appeal has merit or would be likely to succeed. Id. Furthermore, this presumption of prejudice applies where a defendant waives appellate rights as part of a plea agreement. Id. at 964 ("Although the waiver in Watson's plea agreement limits the circumstances under which he may take a direct appeal of his conviction or sentence, it does not foreclose appeal altogether.") A defendant whose counsel

failed to file a notice of appeal despite being directed to do so was denied effective assistance of counsel and is entitled to resentencing so that he can file a timely appeal. Id.

In this case, Jackson states under penalty of perjury that he asked his counsel to file a notice of appeal. The government presents no evidence contrary to this statement. Thus, the Court finds that Jackson did instruct his attorney to pursue an appeal but defense counsel did not carry out the instruction. Jackson will therefore be granted relief on this claim alone. Under Watson, Jackson is entitled to resentencing for the purpose of allowing him to file a timely notice of appeal.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Thomas Jackson to vacate, set aside, or correct sentence [Doc. #1] is **granted in part and denied in part.**

**IT IS FURTHER ORDERED** that movant will be resentenced, on a date to be scheduled by separate order, for the sole purpose of allowing him to file a notice of appeal.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2008.