UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| THOMAS JACKSON, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05-CV-212 (CEJ) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court upon the second motion of Thomas Jackson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [Doc. # 6]. The United States has filed a response, and the issues are fully briefed.

**I. Background**

On March 29, 2004, Jackson pled guilty to possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On June 18, 2004, he was sentenced as a career offender to a 216-month term of imprisonment. He did not appeal this judgment.

On February 3, 2005, Jackson filed his first motion to vacate. Because the court found that defense counsel had disobeyed Jackson's instruction to file a notice of appeal, the first motion was granted. The court ruled that Jackson was entitled to be resentenced so that he could file a notice of appeal. On March 26, 2008, Jackson was resentenced as a career offender

to 216 months' imprisonment. His appeal of the judgment was dismissed on July 8, 2009. *United States v. Thomas Jackson*, No. 08-1729 (8th Cir., July 8, 2009).

On November 5, 2012, Jackson filed the instant second motion to vacate, challenging for the first time the career offender designation. In the second motion, Jackson bases his challenge on *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011), a case that was decided after his 2008 resentencing. Initially, the court ruled that it lacked authority to consider the secont motion, absent certification by the court of appeals. However, the court of appeals determined that no certification was required, and the second motion was remanded to the district court for further proceedings. *Thomas Jackson v. United States*, No. 12-3810 (8th Cir., April 2, 2013).

**II. Discussion**

In its response, the government argues that the second motion is time-barred and should be dismissed. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a motion to vacate is subject to a one-year statute of limitations which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

> review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Jackson asserts that he was unable to challenge his career offender designation in his first motion to vacate because the *Simmons* case had not been decided yet. Thus, according to Jackson, the "impediment" to asserting this claim was not removed until August 17, 2011, the date of the *Simmons* decision. Under § 2255(f)(2), Jackson had one year from that date in which to file the second motion. The second motion was not filed until November 5, 2012, several months after the one-year period expired.

The limitations period under the AEDPA may be equitably tolled "under limited conditions, for example, where 'extraordinary circumstances' beyond a prisoner's control prevent the timely filing." Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001). *See also*, United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005) (doctrine of equitable tolling is applicable in § 2255 proceedings). To avail himself of equitable tolling, a prisoner must demonstrate the existence of the extreme circumstances and that he acted with due diligence in pursuing the motion. E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006). However, as equitable tolling is a narrow window of relief, the court will toll the limitations period only if the extraordinary circumstances made filing a timely motion completely impossible. Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); Kreutzer v.

Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

The court believes it appropriate to give Jackson the opportunity to invoke the principle of equitable tolling by providing reasons why the second motion should not be dismissed as untimely. If no reasons are provided by the deadline set forth below, Jackson's second motion will be dismissed without further notice.

\*\*\*

**IT IS HEREBY ORDERED** that movant Thomas Jackson shall have until **June 21, 2016**, to file a memorandum setting forth reasons why his second motion to vacate should not be dismissed as time-barred.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of May, 2016.