UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS JACKSON, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:05-CV-212 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the Court upon the motion of Thomas Jackson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [Doc. # 6]. In the motion, Jackson asserts a claim based on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Previously, the Court determined that the motion was untimely, as it was filed beyond the limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2255(f)(1)-(4). Specifically, the Court ruled that Jackson had one year from August 17, 2011, the date of the *Simmons* decision, in which to file the motion. The motion, however, was not filed until November 5, 2012.

The limitations period under the AEDPA may be equitably tolled "under limited conditions, for example, where 'extraordinary circumstances' beyond a prisoner's control prevent the timely filing." Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001). *See also*,

United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005) (doctrine of equitable tolling is applicable in § 2255 proceedings). To avail himself of equitable tolling, a prisoner must demonstrate the existence of the extreme circumstances and that he acted with due diligence in pursuing the motion. E.J.R.E. v. United States, 453 F.3d 1094, 1098 (8th Cir. 2006). However, as equitable tolling is a narrow window of relief, the court will toll the limitations period only if the extraordinary circumstances made filing a timely motion completely impossible. Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

With this in mind, the Court gave Jackson the opportunity to invoke the principle of equitable tolling by providing reasons why the motion should not be dismissed as untimely. Jackson has now filed a memorandum in response.

In his response, Jackson claims that he was unable to file the motion to vacate within one year of the *Simmons* decision because during part of that time he was confined in the Special Housing Unit (SHU) without access to legal materials. Jackson's account of the dates on which he claims he was in the SHU or was otherwise unable to access his legal materials is confusing. Initially, Jackson states that he was in the process of preparing the motion in December 2011 when he was transferred to USP Allenwood and was without his legal materials for 30 days. He states that he resumed working on the motion in January or February 2012 and continued to do so until May 2012 when he was again confined in the SHU after fighting with another inmate. Later, Jackson states that he was in "the lockdown

program" from December 2011 until May 21, 2012 and that he was in a "regular unit working on my motion" from May 21, 2012 until February 28, 2013. In February 2013, Jackson was transferred to USP Hazelton, which he states did not have a law library or a computer for legal research. At some point, Jackson learned that the property that had been taken from him in Allenwood had been lost by prison officials. He states:

> So when I realized I wasn't going to be able to file a time [ly] motion I had to work with what I had and try to write up a motion while in the cell and due to not being able to get to law books I ran out of time. It made filing a timely motion impossible.

The Court finds that Jackson has not demonstrated the existence of extreme circumstances precluding timely filing of the motion. The Eighth Circuit has consistently held that a prisoner's lack of legal knowledge or lack of access to legal resources does not warrant equitable tolling. Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000); see Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) (concluding that petitioner failed to establish how his lack of access to the prison law library presented sufficient impediment to toll statutory period). In any event, Jackson's response shows that there were several months during which he was not in the SHU and when he was not without access to legal materials. Also, the February 2013 transfer to USP Hazelton and the loss of Jackson's property occurred several months after he filed the motion.

The Court further finds that Jackson has not demonstrated that he acted with

due diligence in pursuing the motion. As discussed above, Jackson states that he worked on the motion from January or February 2012 until May 21, 2012, when he was returned to the SHU for fighting another inmate. Alternatively, he states that he worked on the motion from May 21, 2012 until February 2013. Jackson's failure to complete the motion within either of these time frames, without any impediment, is an indication of lack of due diligence.

### III. Conclusion

For the foregoing reasons, the Court concludes that Jackson has not demonstrated that the untimeliness of his second motion to vacate should be excused due to equitable tolling. Because the motion is time-barred, it will be dismissed. Additionally, the Court finds that Jackson has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. c

A separate order of dismissal will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of June, 2016.